UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MASOUD BEDUI,

                          Petitioner,

      -against-

UNITED STATES OF AMERICA,

                          Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13 CV 00824 (ENV)

VITALIANO, United States District Judge:

On February 8, 2013, petitioner, proceeding *pro se,* filed the instant action seeking

to vacate his judgment of conviction pursuant to the "General Habeas Corpus Statue *[sic]*"

or, in the alternative, seeking a writ of *error coram nobis*. (Petition at 1.)  By letter filed

February 11, 2013, petitioner advised the Court that he moved under 28 U.S.C. § 2241, not

§ 2255.  In addition to the instant petition, on February 4, 2013, petitioner filed, in a

separate docket a § 2255 petition concerning the same set of facts.  *See Bedui v. United

States*, 1:13-CV-00721 (ENV).  On February 14, 2013, the Court ordered the government to

show cause why a writ should not issue in the first filed action.

For the reasons set forth below, petitioner's application for habeas relief and his

application for a writ of *error coram nobis* are denied.  To the extent that petitioner makes

factual claims in this action that were not alleged in his first petition, he is to assert them in

an amended petition to be filed in his  § 2255 action, *United States v. Bedui*, 1:13-CV-00721

(ENV).

1

## Background

On October 4, 2010, petitioner pled guilty to a narcotics conspiracy charge. *See United States v. Pere*, 09 CR 00198-3 [ECF Doc. No. 56]. On October 13, 2011, petitioner was sentenced to a term of imprisonment of 121 months, and five years of supervised release. *Id.*; [ECF Doc. No. 87]. It is this judgment that petition seeks to attack collaterally.

## Discussion

In general, "[t]he power of the federal courts to grant writs of habeas corpus is derived from 28 U.S.C. § 2241, which provides that any federal court may grant the writ to any person restrained within its jurisdiction ... " *Pinkney v. Keane*, 920 F.2d 1090, 1093 (2d Cir. 1990).

A motion pursuant to 28 U.S.C.§ 2241 generally challenges the execution of a federal prisoner's sentence including, *inter alia*, such matters as the administration of parole or supervised release and the computation of a prisoner's sentence. *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). Here, petitioner seeks to challenge the legality of his plea and sentence. Although petitioner specifically states that his action is not to be construed under § 2255, the only proper jurisdictional basis for the relief he seeks in this action is 28 U.S.C. § 2255.[1]

---

[1] Section 2255 provides for relief where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack."

Relief sought pursuant to a writ of *error coram nobis* is extraordinary relief. *United States v. Salcido*, 475 Fed.Appx. 788, 789 (2d Cir. 2012). It is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998). "*Coram nobis* is not a substitute for appeal, and relief ... is strictly limited to those cases in which errors ... of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotations omitted).

To obtain *coram nobis* relief, "a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Fleming*, 146 F.3d at 90) (internal quotation marks omitted). Petitioner fails to satisfy the requirements for *coram nobis* relief, nor has he demonstrated circumstances warranting the use of this "extraordinary remedy." Accordingly, petitioner's request for a writ of error *coram nobis* is denied.

## Conclusion

For the reasons set forth above, petitioner's application for relief pursuant to 28 U.S.C. § 2241 and his application for a writ of *error coram nobis* are denied. The Clerk of Court is directed to close this case.

The Clerk of Court is further directed to file a copy of this Memorandum and Order in *United States v. Bedui*, 1:13-CV-00721 (ENV), and docket it as an order granting

3

leave to amend the petition in that action to assert factual allegations, if any, that were asserted in the petition filed in *United States v. Bedui*, 1:13-CV-00824 (ENV) but not asserted in the other petition filed in *United States v. Bedui*, 1:13-CV-00721 (ENV).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
        March 6, 2013

4